IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY FOWLER,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLER, et al.,<br><br>    Defendants. | No. 2:23-CV-0248-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) Miller, a mental health counselor at the California Medical Facility (CMF); (2) J. Begines, a hearing officer at CMF; and (3) Bieniavides, the warden at CMF.  See ECF No. 1, pg. 2.  Plaintiff alleges violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

According to Plaintiff, on September 13, 2020, he received a rules violation report for possession of inmate manufactured alcohol.  See id. at 3.  Due to his mental health status, Plaintiff was required to undergo a mental health evaluation, which was performed by Defendant Miller.  See id.  In Miller's report, Miller stated that Plaintiff was self-medicating with alcohol.  See id.  Plaintiff claims that whatever he said to Miller is protected under HIPAA and that Miller violated HIPAA by including Plaintiff's statements or mental health records in the report.  See id.  Plaintiff further claims that Defendant Begines is also liable as the hearing officer for referencing and relying on Miller's statements which violated HIPPA.  See id.  Finally, Plaintiff argues that the prison warden, Defendant Bienavides, is liable because he is "in charge of this facility."  Id.

The Court finds that Plaintiff's claim is not cognizable because HIPAA does not create a private cause of action.  Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Payne v. Taslimi, 2-21 U.S. App. LEXIS 15972 (4th Cir. 2021).  Rather, HIPAA is enforced by appropriate government regulatory agencies.  See id.

Because Plaintiff fails to state a cognizable federal claim, the Court declines to consider whether it has supplemental jurisdiction over potential state law claims which might arise from a violation of HIPAA and finds that any such claims should be presented in state court.

///

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted and that Plaintiff's motion for equitable tolling, ECF No. 9, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 25, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3